IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| LAUREATUS GROUP, LLC,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>JOHN DOE, Nos. 1-25, ET AL.<br>,<br><br>        Defendants-Appellees. | Case No. 24-5293 |

**STATEMENT OF ISSUES ON APPEAL**

Pursuant to the Court's December 27, 2024, Order, Plaintiff-Appellant Laureatus Group, LLC ("Laureatus") submits the following preliminary statement of issues on appeal. Laureatus reserves the right to amend, revise, and/ or modify the issues raised herein and in its brief.

1.     In granting the defendants' motion to dismiss the first amended complaint on the grounds of lack of standing, and denying Laureatus' motion for leave to file a second amended complaint, whether the district court erred by ignoring assertions in the second amended complaint which showed that Laureatus acquired the interests of Merchants International Holding Ltd. ("Merchants") by "operation of law;" and therefore, had standing.

2.      Whether the district court abused its discretion in not allowing Laureatus leave to file a second amended complaint which alleged sufficient facts to show that Laureatus had standing and that due to extraordinary circumstances, the statute of limitation was equitably tolled.

3.      Whether the district court erred by denying Laureatus leave to file a second amended complaint because it would allegedly have been futile on grounds of lack of standing even though the proposed second amended complaint specifically alleged that Laureatus had acquired the one and only asset of Laureatus' predecessor, Merchants, i.e. the claim to recover funds from the defendants; Laureatus had the same owners and same management as Merchants; and Merchants ceased doing business after the  claim was acquired by Laureatus. Thus, Laureatus, as a matter of law, has standing to pursue its claims against the government defendants, and its claim was not barred by the Anti-Assignment Act, 31 U.S.C. § 3727(b).

4.      Whether in light of the additional allegations asserted in the Second Amended Complaint and the accompanying affidavit of Laureatus' principal that extraordinary circumstances exist warranting exercise of the equitable estoppel doctrine to bar enforcement of a statute of limitation, had the district court correctly determined that Laureatus had standing to assert its claim.

5.      Whether the district court erred in requiring Laureatus to prove by a *preponderance of the evidence at the pleading stage*, that Laureatus had standing

rather than waiting until after the taking of discovery and presentation of evidence in response to a motion for summary judgment or trial.

6.      Whether Merchants' contractual client's estate is a required party to these proceedings and/or whether the lawsuit should proceed in the estate's absence when Laureatus is asserting its own independent causes of action; any adverse judgment against Laureatus, as the client's agent, would be binding upon the client's estate; and not allowing the case to proceed would deny Laureatus any ability to recover.

Dated: January 27, 2025

Respectfully submitted,

MARK I. BAILEN PC

By:____/s/ *Mark I. Bailen*_____
(DC Bar No. 459623)
1250 Connecticut Avenue NW
Suite 700 – PMB 5157
Washington, DC 20036
(202) 656-0422
mb@bailenlaw.com

*Counsel for Plaintiff-Appellant*
*Laureatus Group, LLC*

## CERTIFICATE OF SERVICE

A copy of the foregoing Statement of the Statement of Issues on Appeal was served on January 27, 2025, on all counsel of record via the Court's electronic filing system.


Dated: January 27, 2025


*/s/ Mark I. Bailen*
Mark I. Bailen
